Complainant's bill is to foreclose the mortgage of $1,000 made to him by Szacsko October 28th, 1924, maturing in one year and comprising a tract consisting of four building lots designated as lots Nos. 13, 14, 15 and 16.
The bill further sets forth a subsequent mortgage of $5,000 from Szacsko to the defendant Kovacs, made and recorded in December, 1924, comprising lots 15 and 16 aforesaid (hereinafter called the "Kovacs tract"); a warranty deed from Szacsko to the defendant Prion, made and recorded October, 1925, comprising lots 13 and 14 aforesaid (hereinafter called the "Prion tract"); a mortgage of $1,000 from *Page 513 
Szacsko to defendant Sam Najavits made and recorded in May, 1929, comprising the Kovacs tract; and a mortgage of $1,000 from Szacsko to defendant Lavy Najavits made and recorded in November, 1929, comprising the Kovacs tract.
The defendant Prion filed an answer; the defendant Kovacs filed a notice to have his encumbrance reported on; decree proconfesso was taken against the other defendants.
Order of reference was made under chancery rule 192 to a master to take the proofs as to the allegations of the bill of complaint; to ascertain and report the amount due complainant, the amount due Kovacs, the order and priority of the respective liens and whether the mortgaged premises should be sold together or in parcels, and if in parcels, in what order.
The master reported $1,305.26 due to complainant on January 4th, 1937; $6,315.60 due to Kovacs; that the Kovacs mortgage was intended to be a first mortgage on the premises covered by it; that the conveyance to Prion was intended to be free and clear of all encumbrances; that complainant's mortgage covers all four lots and is entitled to priority in payment; that the "Kovacs tract" should be sold first, and if sufficient moneys to pay complainant's claim be not thereby raised, then the "Prion tract" should be sold to satisfy the balance, and if the amounts realized from the sale in parcels are insufficient to satisfy complainant's claim in full, then the entire premises as a whole should be sold to satisfy complainant's mortgage.
To this report some eight exceptions were filed by the defendant Kovacs. The first four are without merit. The other four are directed to the order of priority of sale of the two tracts as reported by the master.
Defendant Prion argues that the contention of defendant Kovacs to be entitled to have sale first made of the "Prion tract" should not have been considered by the master because such contention was not set up by counter-claim. This objection is technical and without merit. Doubtless the contention might have been set up by counter-claim; but the practice of *Page 514 
having the equities of subsequent encumbrancers as between themselves so far as they relate to the order of priority of sale in parcels, determined by the master without counter-claim is old and thoroughly well established. Cf. chancery rules 186 and 192. The order of reference directed the master to ascertain and report in this behalf; no objection was made thereto at the entry of that order; the material facts are set forth in the bill and the Prion answer; testimony was taken before the master, without objection, in proof of the facts on which the respective equities of Prion and Kovacs depend; and there is no dispute as to those facts.
Moreover, no counter-claim was filed by Prion against Kovacs, and hence the argument would be equally as cogent against Prion as against Kovacs. If Kovacs should be deprived of the right toobject to the master's report as to order of priority in sale, Prion must equally be deprived of the right to rely on that report; the report, in this particular, would have to be set aside completely. The result would be a decree for sale of the entire premises as a whole, — since in the absence of pleadings by Kovacs or Prion setting up a claim as to their equities, there would be nothing to affect the right of complainant to such a sale.
As has been said, the facts are clear and undisputed. The issues as between Prion and Kovacs are purely questions of law; their equities can be and will be here determined.
The master reported that the "Kovacs tract" should be first sold; and Prion contends that this is a correct determination. It is concluded that the master erred in this finding; but on the other hand the contention of Kovacs that the "Prion tract" should be first sold is likewise incorrect.
The several portions of the premises comprised in complainant's mortgage should be sold in the inverse order of their subsequent alienation; and mortgages are alienations just as much as are ordinary deeds of conveyance. Ocean County National Bank v. J.Edwin Ellor Sons, Inc., 116 N.J. Eq. 287.
It is evident from the facts, and indeed is undisputed, that as between the tract conveyed to Prion and the lands there *Page 515 
after remaining to Szacsko, the latter are primarily liable for the satisfaction of complainant's mortgage. The same thing however is true as to the lands conveyed by the mortgage to Kovacs and the lands remaining in Szacsko after such mortgage; and the Kovacs mortgage was made and recorded prior to the deed to Prion. The result is that as between Kovacs and Prion, the "Prion tract" is primarily liable for complainant's mortgage.
The thing which has been overlooked by all parties, however, is the effect of the fact that the Kovacs mortgage is not an absolute conveyance of the tract which it covers. It conveys only a portion of the whole interest in that tract, — to wit, an interest to the extent of $5,000; and there still remained in Szacsko, after that mortgage, an interest in that tract, — to wit, the equity of redemption over and above Kovacs' mortgage interest. The mortgagee's interest and the equity of redemption are just as much separate and distinct interests in the tract as if Szacsko had conveyed one-half the tract to Kovacs and retained the other half. The only difference is that in the latter case the separate portions of the tract are limited by area and in the former they are limited by value.
The result of the mortgage to Kovacs and the subsequent deed to Prion is that the equity of redemption remaining to Szacsko in the "Kovacs tract" was first liable for the satisfaction of complainant's mortgage, next the "Prion tract," and lastly the mortgagee interest of Kovacs in the "Kovacs tract."
There must still be taken into account however the two subsequent $1,000 mortgages to the two Najavits. It must be presumed that they are valid and still unsatisfied. There is neither proof, nor allegation in the bill, to the contrary; and the failure of these defendants to appear and answer cannot be deemed to be an admission of any other facts than those set up in the bill and those naturally to be inferred from those set up in the bill. It must be presumed that they likewise have equities ahead of the equity of redemption still left in Szacsko. *Page 516 
The master's report will be confirmed in all respects except as to its direction for the order of priority of sale in parcels. As to the latter the decree should provide for sale of the following interests in the following order (so far as may be necessary to satisfy complainant's mortgage): —
1. Szacsko's equity of redemption in the "Kovacs tract."
2. The Lavy Najavits mortgagee interest in the "Kovacs tract."
3. The Sam Najavits mortgagee interest in the "Kovacs tract."
4. The "Prion tract."
5. The Kovacs mortgagee interest in the "Kovacs tract." It should not provide for sale of the last mentioned interest if sufficient moneys for the satisfaction of the expenses of sale, complainant's mortgage and costs are produced by the sale of the prior interest; because Kovacs has filed no counter-claim for the foreclosure of his mortgage.
There will be no award of costs on these exceptions; each party has been partly successful and partly unsuccessful. *Page 517